UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No: 4:18CR610 HEA |
| ANTONIO CLEMONS, | ) ) ) |
| Defendant. | ) ) |

### OPINION, MEMORANDUM AND ORDER

This case is before the Court on defendant's Motion for Compassionate Release, [Doc. No. 67]. Although his initial Motion was filed *pro se*, defendant is represented by counsel who has filed all subsequent documents on defendant's behalf, including a supplemental memorandum in support of defendant's Motion and a motion to expedite the Government's response, which was granted. The Government filed an opposition to defendant's Motion, to which defendant replied. On June 9, 2020, defendant filed a supplemental emergency request. For the reasons set forth below, the Motion is denied.

### Facts and Background

On June 27, 2019, defendant pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. 922(g). Defendant's conviction was based on his conduct on June 11, 2018. On that date, St. Louis Metropolitan Police Department (SLMPD) officers responding to a fight located defendant and observed him attempting to gain entry to a vehicle. Officers observed, in plain view, the

handle of a firearm in the center console of the vehicle. Defendant had the keys to the vehicle which he admitted belonged to him. Defendant also admitted he placed the .32 caliber semi-automatic pistol in the center console. Defendant's criminal history includes convictions for robbery first degree, armed criminal action, stealing, tampering second degree and resisting arrest.

On October 23, 2019, Defendant was sentenced to 21 months imprisonment and 2 years of supervised release. Defendant is presently serving his sentence at the Lexington Federal Medical Facility in Kentucky, with a projected release date of May 27, 2021.

Defendant is presently 33 years old. The U.S. Probation Office's Presentence Investigation Report noted that Defendant suffers from Type I Diabetes and asthma. Defendant currently receives treatment for his Type I Diabetes as well as hypertension. On March 29, 2020, Defendant requested consideration for Compassionate Release or Reduction in Sentence based on medical issues and COVID-19. Defendant's request was denied. On April 27, 2020, Defendant filed a *pro se* motion with this Court requesting an alternate condition of confinement based on his medical issues and risk of contracting COVID-19. On May 8, 2020, counsel for Defendant filed a supplement to defendant's *pro se* motion requesting a reduction in sentence to time served. Therein, defendant argued that the combination of his serious medical conditions, the nonviolent nature of his instant offense, his history of compliance while on pretrial release, and his viable home plan with a strong support system and willing employer constituted extraordinary and

compelling circumstances warranting early release. He also argued that the BOP's inability to contain the virus in correctional facilities is an extraordinary and compelling reason to grant him early release, given that diabetes, asthma, and hypertension each are shown to aggravate COVID-19 infections and that people with diabetes have a COVID-19 mortality rate double that of the overall COVID-19 mortality rate.

Defendant tested positive for COVID-19 on May 7, 2020. His counsel was notified of the positive test on May 12, 2020. Defendant then filed an emergency motion to expedite the Government's response, which was granted. On May 20, 2020, the Government filed its response, to which defendant replied on May 21.

On May 19, 2020, the Probation Office filed a Compassionate Release Report recommending that "defendant [did] not appear to be eligible for consideration for a compassionate release or a reduction of his sentence pursuant to the First Step Act." The probation office reasoned, *inter alia*, that "Clemons has not provided any medical records indicating that these diagnoses indicate that Clemons is suffering from a serious physical or medical condition that substantially diminishes the ability of Clemons to provide self-care within the environment of a correctional facility. Clemons is being provided access to all medical personnel and has been prescribed medication to continuously address his illnesses." The Probation Office Report noted that defendant has tested positive for COVID-19 but added that he was in isolation within the BOP and that his release would create to an increased risk of exposure for the public and the people in his household.

On June 9, 2020, counsel for defendant filed a supplemental "Emergency Request for Reduced Sentence and Update Regarding Defendant's Health." According to the update, in the month since defendant's COVID-19 diagnosis, he has been experiencing regular diarrhea and increasing blood sugar levels. In the week prior, defendant experienced consistently high blood sugar level readings in excess of 250 mg/dL in addition to an abnormal taste in his mouth, hot flashes, night sweats, abdominal burning and pain coupled with severe nausea, and lack of appetite that is preventing him from eating. Defendant has reportedly developed a knot in the area of his diaphragm that cannot be scanned or examined by ultrasound due to the pandemic and lack of staff. When defendant requested a blood pressure reading, nursing staff informed him that they do not have the necessary tools available.

## Discussion

Under Section 603(b) of the First Step Act, effective December 21, 2019, an inmate may now himself (or through his advocate) file a motion for compassionate release pursuant to 18 U.S.C. § 3582(c). Previously, a court could only act to reduce a defendant's sentence for "extraordinary and compelling reasons" if the Director of BOP filed such a motion. As the proponent of the motion, defendant bears the burden of proving both that he has satisfied the procedural prerequisites for judicial review and "extraordinary and compelling reasons" exist to support the motion. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue."). Here, defendant has

properly exhausted his administrative remedies – he requested consideration for compassionate release inside the BOP on March 29, 2020 and was denied.

In evaluating defendant's request for reduction in sentence on its merits, 18 U.S.C. § 3582(c)(1)(A)(i) requires a court to find that "after considering the factors set forth in section 3553(a) to the extent they are applicable," that "extraordinary and compelling reasons warrant such a reduction." Any reduction must be consistent with applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). United States Sentencing Guideline § 1B1.13, which governs compassionate-release reductions, provides some specific examples, including:

> (A) Medical Condition of the Defendant.—
>
> > (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> >
> > (ii) The defendant is—
> > > (I) suffering from a serious physical or medical condition,
> > >
> > > (II) suffering from a serious functional or cognitive impairment, or
> > >
> > > (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75

percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

In support of his request, defendant cites his serious medical conditions, especially in light of the COVID-19 pandemic, his good behavior during pretrial release and while in BOP, and his post-release home and work plan. Since his initial request, defendant contracted COVID-19. He reports that his COVID-19 symptoms in the weeks following his positive test were severe.

Due to the passage of time and the unfortunate nature of communicable diseases, the basis for defendant's request for compassionate release has necessarily shifted from the health risk of COVID-19 to the health complications from COVID-19. One month after his positive COVID-19 test, defendant reports elevated blood sugar, continuing diarrhea, and worsening diabetic symptoms. Defendant claims that the medical staff at FMC Lexington have been unable to test his blood pressure or to perform imaging on a knot that has formed in his abdominal area. Defendant believes there is a serious risk that he is experiencing diabetic ketoacidosis, which can lead to coma or death. Defendant states that, despite repeated elevated blood sugar readings, he is not being tested for ketoacidosis due to a lack of staff and

resources at FMC Lexington. Aside from the Emergency Request and Health Update submitted by counsel on his behalf, defendant has not submitted any evidence supporting his allegations of his worsening health and lack of proper medical care at FMC Lexington.

Given the supporting documents in the record regarding defendant's health conditions, the Court does not find that defendant has met his burden of proving that extraordinary and compelling circumstances exist warranting a reduced sentence. The health records submitted show that defendant suffers from the medical conditions claimed. However, there is no support in the record for defendant's contentions that his post-COVID-19 condition has become so dire and his medical care so deficient that an extraordinary and compelling reason to reduce his sentence exists.

For the foregoing reasons, this Court finds that defendant has not met his burden of proving that "extraordinary and compelling reasons" exist to support the requested sentence reduction. Accordingly, his Motion for Compassionate Release [Doc. No. 67] is denied.

Dated this 23rd day of June, 2020

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE