UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No: 4:18CR610 HEA |
| ) | |
| ANTONIO CLEMONS, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This case is before the Court on defendant's Motion to Reconsider and Notice of Supplemental Authority, [Doc. No. 76]. The government opposes defendant's Motion. For the reasons set forth below, the Motion is denied.

On June 27, 2019, defendant pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. 922(g). He is currently serving his 21-month sentence of imprisonment for that offense at the Lexington Federal Medical Facility in Kentucky, with a projected release date of May 27, 2021. His sentence of imprisonment is to be followed by a two-year term of supervised release.

Defendant is presently 33 years old and suffers from Type I Diabetes and asthma. He currently receives treatment for Type I Diabetes and hypertension. Defendant tested positive for COVID-19 on May 7, 2020. In his original request for compassionate release or reduction in sentence, defendant claimed that after testing positive for COVID-19, he developed persistent diarrhea, increasing blood sugar levels, a knot in his abdomen, a lack of appetite and other symptoms such as an

abnormal taste in his mouth, hot flashes, night sweats, and abdominal burning and pain with severe nausea. Defendant had also alleged that he could not get a scan of the knot in his abdomen or get a blood pressure reading at FMC Lexington.

On June 23, 2020, this Court denied defendant's request for compassionate release or reduction in sentence based on medical issues and COVID-19. In its order denying defendant's request, the Court noted that defendant had not provided records or evidence supporting his contention that his health condition had become "so dire and his medical care so deficient that an extraordinary and compelling reason to reduce his sentence exists." [Doc. No. 75].

In his Motion to Reconsider, defendant argues that he remains at risk to contract COVID-19 again, as people who survive a COVID-19 infection seemingly do not gain long-term immunity from subsequent COVID-19 infections. Defendant has also submitted health records from early 2020 through late June 2020 in support of his claims of worsening health conditions. Specifically, defendant cited the records showing that his blood sugar readings exceeded 250 mg/dL on 17 out of the 30 days in June, that an urgent ultrasound of his abdominal knot was requested for July 3 but had not been performed as of July 9, the day the instant motion was filed, that lab tests performed June 11 showed high readings for several measures of kidney function, and that his A1C level increased form 9.4 in April to 10.5 in June.

Defendant further reports that while he previously only needed to use his asthma inhaler during exercise, he now relies on his asthma inhaler for shortness of breath that occurs through the day and night. He also reports that "some of" his

health issues could be controlled through diet, hydration, and exercise, but that those options are not available while he is confined in FMC Lexington. Plaintiff reports that the meals he is provided are high in sugars. He claims that this causes high blood sugar, which in turn decreases his appetite, which has resulted in him losing 16 pounds.

Defendant argues that he is eligible for compassionate release, especially in light of the Department of Justice's "position that inmates who suffer from a condition identified by the Center for Disease Control and Prevention ("CDC") as putting them at higher risk for severe illness from COVID-19 and who are not expected to recover from that condition, present an 'extraordinary and compelling reason' to be considered for compassionate release—even if that condition in ordinary times would not meet the terms of the policy statement." *United States v. Wright*, 8:17-cr-00388-TDC, ECF 50 (D.Md. May 19, 2020). Defendant contends that he is in three high risk categories recognized by the CDC. Defendant contends he has not recovered from COVID-19. He also cites several cases from around the country in which inmates who had recovered from COVID-19 infections were granted compassionate release.

In response to defendant's motion to reconsider, the government agrees with defendant's statement of the DOJ's position, but argues that Type I diabetes and asthma are not identified by the CDC as conditions that put one at a higher risk for severe illness. Rather, the government states that people with Type I diabetes and asthma only "might be at an increased risk" for severe illness from COVID-19.

Centers for Disease Control, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (accessed July 27, 2019). Defendant's medical records show defendant had no COVID-19 symptoms on May 7 and July 9, 2020, and that he tested negative for COVID-19 on July 7, 2020.

The government argues that defendant presents no new evidence that supports his claim that his medical condition is so dire or care so deficient that he should be granted compassionate release. Additional medical records of defendant show that defendant has refused the insulin doses prescribed by doctors in response to his high blood sugar readings and that medical staff have counselled him about lowering blood sugar through dietary changes and medication compliance (i.e receiving prescribed insulin doses). The government adds that inmates at FMC Lexington are advised to self-select food according to their dietary restrictions. The government claims that a review of defendant's commissary account showed many purchases of candy and other high-carbohydrate food. The government notes that defendant must eat properly, stay hydrated, and take his medication to manage his diabetes, and argues that his high blood sugar readings are not a result of COVID-19 or the conditions of confinement, but rather a result of defendant's own actions. The government also notes that although defendant's A1C level has risen from 9.4 on April 20 to 10.5 on June 11, both of those values are lower than the 11.2 value recorded on January 21, 2020, soon after defendant arrived at FMC Lexington. The government argues that this evinces the management of defendant's diabetes has not

deteriorated as a result of his confinement. Finally, the government rebuts defendant's claim that he has lost 16 pounds, as they assert that FMC Lexington medical staff reported that as of July 23, defendant weighed 151 pounds, only two pounds less than his weight as recorded January 16, 2020.

After a full review of the briefs and attached medical records, the Court does not find extraordinary or compelling circumstances warranting defendant's release from the BOP. The records provided show that defendant receives full and competent medical care at FMC Lexington. The delay for an ultrasound, for example, is attributable to pandemic-related closures; there is no assurance that medical care would be more readily available if defendant was released to home confinement St. Louis.

On reconsideration, the Court again finds that defendant's condition is not extraordinary and that defendant is not at increased risk due to his confinement. Defendant has still not proved extraordinary and compelling circumstances warranting a reduced sentence. Accordingly, his Motion to Reconsider [Doc. No. 76] is denied.

Dated this 27th day of July, 2020

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE