UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No: 4:18CR610 HEA |
| ) | |
| ANTONIO CLEMONS, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This case is before the Court on Defendant's Motion and Second Motion for Compassionate Release, [Doc. No.'s 83 and 84]. Although his initial motions were filed *pro se*, Defendant is represented by counsel who has filed a subsequent Supplemental Motion for Compassionate Release on Defendant's behalf [Doc. No. 85]. The Government filed an opposition to Defendant's motions and supplement. For the reasons set forth below, Defendant's motions are denied.

### Facts and Background

This is Defendant's second round of motions for sentence reduction due to the COVID-19 pandemic. The facts remain essentially the same as those outlined in this Court's Opinion, Memorandum, and Order dated June 23, 2020 which addressed defendant's earlier motions for compassionate release:

> On June 27, 2019, defendant pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. 922(g). Defendant's conviction was based on his conduct on June 11, 2018. On that date, St. Louis Metropolitan Police Department (SLMPD) officers responding to a fight located defendant and observed him attempting to

gain entry to a vehicle. Officers observed, in plain view, the handle of a firearm in the center console of the vehicle. Defendant had the keys to the vehicle which he admitted belonged to him. Defendant also admitted he placed the .32 caliber semi-automatic pistol in the center console. Defendant's criminal history includes convictions for robbery first degree, armed criminal action, stealing, tampering second degree and resisting arrest.

On October 23, 2019, Defendant was sentenced to 21 months imprisonment and 2 years of supervised release. Defendant is presently serving his sentence at the Lexington Federal Medical Facility in Kentucky . . . .

Defendant is presently 33 years old. The U.S. Probation Office's Presentence Investigation Report noted that Defendant suffers from Type I Diabetes and asthma. Defendant currently receives treatment for his Type I Diabetes as well as hypertension. On March 29, 2020, Defendant requested consideration for Compassionate Release or Reduction in Sentence based on medical issues and COVID-19. Defendant's request was denied. On April 27, 2020, Defendant filed a *pro se* motion with this Court requesting an alternate condition of confinement based on his medical issues and risk of contracting COVID-19. On May 8, 2020, counsel for Defendant filed a supplement to defendant's *pro se* motion requesting a reduction in sentence to time served. Therein, defendant argued that the combination of his serious medical conditions, the nonviolent nature of his instant offense, his history of compliance while on pretrial release, and his viable home plan with a strong support system and willing employer constituted extraordinary and compelling circumstances warranting early release. He also argued that the BOP's inability to contain the virus in correctional facilities is an extraordinary and compelling reason to grant him early release, given that diabetes, asthma, and hypertension each are shown to aggravate COVID-19 infections and that people with diabetes have a COVID-19 mortality rate double that of the overall COVID-19 mortality rate.

Defendant tested positive for COVID-19 on May 7, 2020. He recovered and tested negative for COVID-19 on July 9, 2020. Since his last motion, Defendant has been diagnosed with peripheral neuropathy and chronic kidney disease stage III. Currently, Defendant is classified as a Level Care 2 for physical health, indicating

"Stable, Chronic Care". He receives medications for diabetes and high blood pressure, is housed in the general population, and works as a basement orderly. Defendant reports that he will be released to a halfway house on March 29, 2021 to serve out the remainder of his sentence.

Defendant requests compassionate release or that the Court recommend that the BOP place Defendant on home confinement for the remaining six months of his sentence. Defendant argues that he is at increased risk for severe complications from a COVID-19 infection based on his hypertension, diabetes, asthma, kidney disease, and race. Defendant cites the affidavit of Dr. Tara Vijayan for his contention that a mild COVID-19 infection does not likely provide immunity for more than 90 days. He again contends that his risk of reinfection is heightened in the general population of a correctional facility due to the inability to socially distance or effectively clean himself and his surroundings. At the time his counsel filed the supplement to his motions on January 4, 2021, FMC Lexington had 344 COVID-19 positive inmates and 4 positive staff members.

The law regarding compassionate release requests has not changed since the Court issued its previous denial of Defendant's motions for compassionate release. Under Section 603(b) of the First Step Act, effective December 21, 2019, an inmate may now himself (or through his advocate) file a motion for compassionate release pursuant to 18 U.S.C. § 3582(c). Previously, a court could only act to reduce a defendant's sentence for "extraordinary and compelling reasons" if the Director of BOP filed such a motion. As the proponent of the motion, Defendant bears the

burden of proving both that he has satisfied the procedural prerequisites for judicial review and "extraordinary and compelling reasons" exist to support the motion. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue."). Defendant has properly exhausted his administrative remedies.

In evaluating Defendant's request for reduction in sentence on its merits, 18 U.S.C. § 3582(c)(1)(A)(i) requires a court to find that "after considering the factors set forth in section 3553(a) to the extent they are applicable," that "extraordinary and compelling reasons warrant such a reduction." Any reduction must be consistent with applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). United States Sentencing Guideline § 1B1.13, which governs compassionate-release reductions, provides some specific examples, including:

> (A) Medical Condition of the Defendant.—
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (ii) The defendant is—
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health

because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

The Court finds that Defendant has failed to meet his burden of proving that extraordinary and compelling circumstances exist warranting a reduced sentence. While Defendant still suffers from medical conditions that increase one's risk for severe complications from COVID-19 infection, his medical condition is stable. Moreover, at present just four inmates and four staff at Lexington FMC are COVID-19 positive. *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (click hyperlink reading "Full breakdown and additional details…" then find the Lexington FMC row in the data table) (last visited March 9, 2021). These figures, in addition to Defendant's imminent release from the correctional facility setting, indicate that Defendant's risk contracting the virus is not imminent.

For the foregoing reasons, this Court finds that Defendant has not met his burden of proving that "extraordinary and compelling reasons" exist to support the requested sentence reduction. Accordingly, his Motion for Compassionate Release, [Doc. No. 83], Second Motion for Compassionate Release [Doc. No. 84], and Supplemental Motion for Compassionate Release [Doc. No. 85] are each DENIED.

Dated this 10th day of March, 2021

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE